## No. 11,608.

ANATOLE J. FORSTALL VS. THE FARMERS UNION COMMERCIAL ASSOCIATION OF WASHINGTON PARISH, LIMITED.

Where parties have executed promissory notes, and they have been pledged by the holder, it is improper to join in the same suit, as defendants, the maker of the notes and the debtor for whose debt they were pledged.

APPEAL from the Sixteenth District Court, Parish of Washington. Reid, J.

Clay Elliott and Frank N. Butler for Plaintiff, Appellant.

The opinion of the court was delivered by

McENERY, J. The petition alleges that the defendant association, through its agent, entered into an agreement with plaintiff by which the former agreed to furnish sundry supplies and to make certain advances to defendant.

For the purpose of securing and guaranteeing said supplies and advances, the association pledged to plaintiff a promissory note for ten thousand dollars, payable to its own order, and by it endorsed, and signed jointly and severally by some of the defendants.

The were six other promissory notes payable to the order of Smith, the agent or bearer, signed by other defendants, for different amounts, endorsed by Smith and pledged to plaintiff for the advances to be made to the association. All these notes are signed *in solido.*

The petition alleges that the defendant corporation is indebted to plaintiff in the sum of four thousand one hundred and twenty-six dollars and seventy-six cents, and for interest thereon, as appears by the account annexed to the petition.

The above mentioned notes were pledged for the advances to be made to the association.

Several of the defendants filed an exception alleging a misjoinder of parties and no cause of action. The plea of misjoinder of parties was maintained and the plaintiff appealed.

The plaintiff urges that where parties are bound as sureties the debtor may join them in the same suit with the principal debtor, and that when the causes of action have a cognate origin, or when the defendants have a common interest to be adjudicated and the same may be determined in one judgment, it is proper to join them in one suit.

These propositions are correct, but the facts of this case do not justify their application to the obligations sued on.

The plaintiff agreed to furnish the association with supplies and advances. To secure this by pledge, the corporation placed in plaintiff's possession the promissory notes executed by the exceptors in favor of the association. They are all independent obligations, entirely distinct from the contract between plaintiff and defendant. The signers of the notes are not sureties for the debt, but promissory notes which they executed were pledged for the debt. There does not appear to be any common interest in the origin of the debt by the defendant association to plaintiff and the debt due by the exceptors to the association.

There is evidently a misjoinder of parties defendant.

Judgment affirmed.

Rehearing refused.